Lawrence C. Hersh, Esq.
17 Sylvan Street
Suite 102B
Rutherford, New Jersey 07070
Tel:  (201) 507-6300
Fax: (201) 507-6311
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL SPICE HOLDINGS, LLP,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>AMERICAN SUGAR REFINING, INC.,<br><br>　　　　*Defendant*. | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

International Spice Holdings, LLP alleges for its Complaint against American Sugar Refining, Inc. as follows:

### NATURE OF THIS ACTION

This is a civil action by International Spice Holdings, LLP brought against American Sugar Refining for trademark infringement and unfair competition, under both state and federal law.  American Sugar Refining selected and adopted a mark for its stevia sweetener products that is confusingly similar to International Spice Holdings' federally registered trademark for spices and spice blends, including sugar, in violation of federal and state statutes and federal and state common laws.  American Sugar Refining, following notice of International Spice Holdings' objection to infringing use of its mark and the resulting irreparable damage resulting therefrom, has not only continued its infringing conduct, but increased its marketing activity, so as to render its infringing conduct willful and this matter exceptional under 15 U.S.C. § 1117.

1

## THE PARTIES

1.      Plaintiff International Spice Holdings, LLP ("Plaintiff" or "International Spice") is a limited liability partnership organized and existing under the laws of the State of New Jersey, with its principal place of business located at 501 Prospect Street, Unit 111, Lakewood, New Jersey, 08701.

2.      Upon information and belief, Defendant American Sugar Refining, Inc. ("Defendant" or "American Sugar") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at One North Clematis Street, Suite 200, West Palm Beach, FL, 33401.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Defendant by virtue of, upon information and belief, American Sugar's transaction of business in the State of New Jersey and in this District.

4.      Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Counts I and II arise under the Lanham Act 15 U.S.C. § 1051 *et. seq.*  Therefore, this Court has original jurisdiction over these counts pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

5.      Counts III and IV are joined as substantial and related claims and, accordingly, subject matter jurisdiction for these Counts is conferred upon this Court pursuant to 28 U.S.C. § 1338(b) and the doctrine of pendent jurisdiction.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) (2) in that a substantial part of the events giving rise to Plaintiff's claims occurred in New Jersey and in this District.

2

<u>**FACTS COMMON TO ALL COUNTS**</u>

<u>**Plaintiff's Activities**</u>

7.      International Spice was established in 1986 and specializes in distribution of high quality herbs, spices, extracts, and vinegars. International Spice supplies products to restaurants, retail grocers, specialty stores, and food distributors as well as offers private label products.

8.      Since 2011, International Spice also markets its fresh, high-quality spices to home cooks under the ZING trademark.  International Spice prides itself on the quality, flavor, and freshness of its spices.

9.      In the course of using and protecting its mark, brand, and consumer goodwill, International Spice obtained, via assignment, U.S. Trademark Registration No. 4,900,166, for baking spices, edible spices, instant spice blends, spice blends; spice rubs; spices, and spices in the form of powders in Class 046.  A copy of the Certificate of Registration, dated February 16, 2016 is attached as **Exhibit A**.

10.      International Spice, as a result of obtaining a federal registration for the mark ZING, received the benefit of nationwide notice of ownership of the mark as of the registration date, thereby preventing others from claiming their subsequent adoption of the mark was in "good faith."  International Spice's federal registration also serves as *prima facie* evidence of the validity and exclusive ownership of the mark for the goods and services listed in the registration.

11.      International Spice offers a variety of spices and spice blends under the ZING mark, including baking spices (e.g., sugar), and markets its products under the ZING mark at its website www.zingspices.com.  A printout from the home page is attached as **Exhibit B**.

12.      International Spice markets and sells its goods directly to retailers, through distributors, and directly to consumers.

3

13.     Goods sold by International Spice under the ZING mark are also available directly to consumers through International Spice's online store, Gourmet Spice Shop at www.gourmetspiceshop.com, as well as through online retailers such as www.amazon.com.

14.     International Spice offers sugar crystals for sale alone and in their spice start kits. *See* **Exhibit C** and **Exhibit D** attached hereto.

15.     International Spice's ZING mark is inherently distinctive for use in connection with the goods identified in International Spice's trademark registration.

16.     International Spice has committed substantial resources advertising and marketing its products under the ZING mark.  International Spice advertises and markets its products in cookbooks and food magazines and also attends trade shows to distribute materials and information about its products sold under the ZING mark.

17.     As a result, International Spice's ZING mark has developed valuable goodwill in the marketplace as a source identifier.

**Defendant's Activities**

18.     Upon information and belief, American Sugar is a group of companies focusing on production, processing, and delivery of sugar and sweetener products.

19.     Upon information and belief, American Sugar introduced a stevia sweetener product under the mark BORN SWEET ZING in 2015.

20.     As can be seen from the image below, ZING is the dominant portion of American Sugar's selected trademark for its sweetener product.



{10424/619443-000/01626034.1}

21.     Baking spices such as sugars and sweeteners, including American Sugar's new BORN SWEET ZING product, are goods covered by International Spice's trademark registration for ZING.

22.     American Sugar markets its ZING-branded products, *inter alia*, on the website located at www.zingstevia.com.   A printout of this webpage is attached as **Exhibit E**.   In addition to using a logo that makes ZING the dominant feature, American Sugar draws consumers' attention to the ZING portion of the mark by marketing its product as "AmaZING" and "SlenderiZING" and telling consumers visiting its website to "Try ZING!"

23.     Upon information and belief, American Sugar has spent hundreds of thousands of dollars in an extensive marketing campaign designed, at least in part, to associate its ZING mark as a brand name for its stevia product in the minds of consumers.

24.     International Spice's ZING-branded sugar/spice products are marketed in the same trade channels (*e.g.,* on the same store shelves) as American Sugar's ZING-branded sugar/spice products.

25.     Upon information and belief, American Sugar had knowledge of International Spice and its products sold under ZING mark prior to selection, adoption, and use of its ZING mark.

26.     American Sugar has continued to use of its ZING mark even after receiving formal notice by International Spice that International Spice objected to such use.

27.     American Sugar's conduct is in willful disregard for Plaintiff's trademark rights.

28.     As a result of American Sugar's willful conduct, International Spice's ZING-branded sugar/spice products are not only subject to classic "forward" consumer confusion at the point of sale, but also subject to "reverse" confusion, where the second (junior) user becomes

better known than the first (senior) user, *i.e.,* the first user loses the opportunity to control its own reputation and goodwill when consumers come to (wrongly) believe that the first user is attempting to trade off the name, fame, or goodwill of the second user.

29.     American Sugar's conduct threatens to confuse and deceive the consuming public concerning the source and sponsorship of the American Sugar's goods relative to International Spice's goods.

30.     Such confusion is likely and easily demonstrated by a review of the results from a search for "zing sugar" on Amazon.com.  *See* **Exhibit F**.

31.     The aforesaid activities of American Sugar have damaged Plaintiff and are likely to continue to damage Plaintiff unless otherwise restrained.

## COUNT I
*(Federal Trademark Infringement Under 15 U.S.C. § 1114)*

32.     Plaintiff repeats and realleges each and every allegation contained in all of the preceding paragraphs herein as if fully stated herein.

33.     American Sugar's infringing mark, BORN SWEET ZING, wholly encompasses International Spice's previously registered mark ZING.  Further, ZING is the dominant feature of American Sugar's mark.

34.     The goods sold by International Spice and American Sugar overlap − with International Spice selling spices (*e.g.,* sugars) and American Sugar selling sugar substitutes.

35.     American Sugar's use of the name and brand ZING is likely to cause confusion or mistake, or to deceive American Sugar's customers or potential customers and the public as to the source and sponsorship of American Sugar's goods.  Consumers are likely to be misled into believing that American Sugar is International Spice, or that American Sugar's goods are offered by, licensed by, sponsored by, or otherwise approved by International Spice, or vice-versa.

6

36.    American Sugar's unlawful actions have caused and are continuing to cause unquantifiable damages to International Spice.  International Spice submits that American Sugar is engaging in deceptive marketing strategies that knowingly focus on the dominant term ZING of International Spice's registered trademark ZING to overwhelm and drive International Spice from the marketplace, despite International Spice's years of prior use and ownership of a federal registration for the trademark prior to American Sugar's adoption of the same mark for the same goods.

37.    By reason of the foregoing, International Spice is being damaged by American Sugar's willful activities and will continue to be damaged unless American Sugar is enjoined from the aforesaid acts.

38.    International Spice has no adequate remedy at law.

## COUNT II
*(Federal Unfair Competition 15 U.S.C. § 1125(a))*

39.    Plaintiff repeats and realleges each and every allegation contained in all of the preceding paragraphs herein as if fully stated herein.

40.    International Spice used the mark ZING for spices well before American Sugar's adoption and use of the mark ZING.

41.    The foregoing acts and conduct of American Sugar are likely to cause confusion, to cause mistake, and/or to deceive the public, into mistakenly believing that American Sugar is International Spice, or that American Sugar and its activities are authorized, endorsed, sponsored or approved by International Spice, or that American Sugar and its activities originate with, are connected with, or are associated with International Spice, or vice-versa.

42.    American Sugar's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

7

43.     American Sugar's unlawful actions have caused and are continuing to cause unquantifiable damages to International Spice.  International Spice submits that American Sugar is engaging in deceptive marketing strategies that knowingly focus on the dominant term ZING of International Spice's registered trademark ZING to overwhelm and drive International Spice from the marketplace, despite International Spice's years of prior use and ownership of a federal registration for the trademark prior to American Sugar's adoption of the same mark for the same goods.

44.     By reason of the foregoing, International Spice is being damaged by American Sugar's willful activities and will continue to be damaged unless American Sugar is enjoined from the aforesaid acts.

45.     International Spice has no adequate remedy at law.

## COUNT III
*(Trademark Infringement Under New Jersey Common Law)*

46.     Plaintiff repeats and realleges each and every allegation contained in all of the preceding paragraphs herein as if fully stated herein.

47.     International Spice has trademark rights in the ZING brand, which it uses to sell spices and spice blends.

48.     American Sugar uses the ZING mark to sell stevia sweetener products.

49.     American Sugar's use of the ZING trademark is likely to cause confusion, to cause mistake, and/or to deceive the public, into mistakenly believing that American Sugar is International Spice, or that American Sugar and its activities are authorized, endorsed, sponsored or approved by International Spice, or that American Sugar and its activities originate with, are connected with, or are associated with International Spice, or vice-versa.

{10424/619443-000/01626034.1}

50.     American Sugar's unlawful actions have caused and are continuing to cause unquantifiable damages to International Spice.  International Spice submits that American Sugar is engaging in deceptive marketing strategies that knowingly focus on the dominant term ZING of International Spice's registered trademark ZING to overwhelm and drive International Spice from the marketplace, despite International Spice's years of prior use and ownership of a federal registration for the trademark prior to American Sugar's adoption of the same mark for the same goods.

51.     By reason of the foregoing, International Spice is being damaged by American Sugar's willful activities and will continue to be damaged unless American Sugar is enjoined from the aforesaid acts.

52.     International Spice has no adequate remedy at law.

## COUNT IV
*(Unfair Competition Under New Jersey State and Common Law)*

53.     Plaintiff repeats and realleges each and every allegation contained in all of the preceding paragraphs herein as if fully stated herein.

54.     International Spice used the mark ZING for spices well before American Sugar's adoption and use of the mark ZING.

55.     American Sugar's advertisement, promotion, sale, and/or offering for sale of goods using a mark that entirely incorporates International Spice's pre-existing name and mark constitutes unfair competition against the International Spice in violation of N.J.S.A. 56:4-1 and New Jersey's common law of unfair competition.

56.     American Sugar is engaged in unfair competition with International Spice by misappropriating or attempting to misappropriate International Spice's mark ZING, and the goodwill and reputation associated therewith, in a manner which has deceived and confused and

9

is likely to deceive and confuse the public into believing that American Sugar and its goods originate with or are those of International Spice or are sponsored by, endorsed by, or otherwise associated with International Spice

57.    American Sugar's unlawful actions have caused and are continuing to cause unquantifiable damages to International Spice.  International Spice submits that American Sugar is engaging in deceptive marketing strategies that knowingly focus on the dominant term ZING of International Spice's registered mark to overwhelm and drive International Spice from the market, despite International Spice's years of prior use and ownership of a federal registration for the mark prior to American Sugar's adoption of the same mark for the same goods.

58.    By reason of the foregoing, International Spice is being damaged by American Sugar's willful activities and will continue to be damaged unless American Sugar is enjoined from the aforesaid acts.

59.    International Spice has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, International Spice, seeks for the following relief:

i.    Judgment in Plaintiff's favor for all four causes of action recited above.

ii.    An Order permanently enjoining and restraining Defendant, its owners, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from doing business under the name ZING and any other name including the term ZING or any confusingly similar term.

iii.     An Order permanently enjoining and restraining Defendant, its owners, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from using the mark ZING, and any other marks of Plaintiff, or marks confusingly thereto, for any goods or services.

iv.     An Order permanently enjoining Defendant, its owners, subsidiaries, divisions, branches, affiliates, predecessors or successors in business, parents and wholly owned or partially owned entities of the party, and any entities acting or purporting to act for or on behalf of the foregoing, including any agents, employees, representatives, officers, directors, servants, partners, and those persons in active concert or participation with them, from engaging in any acts of unfair competition utilizing any names or marks that are identical to or confusingly similar with Plaintiff's name and marks.

v.     An Order trebling the award of Defendant's profits and Plaintiff's damages in view of the reckless, willful, and intentional nature of Defendant's conduct.

vi.     Plaintiff to be awarded punitive damages.

vii.     Plaintiff to be awarded such other and further relief as the Court may deem just and proper.

{10424/619443-000/01626034.1}

**JURY DEMAND**

Plaintiff demands trial by jury on all issues triable to a jury.


Dated:  December 20, 2016                          Respectfully submitted,
             Rutherford, New Jersey

                                                   By: /s/ Lawrence C. Hersh
                                                        Lawrence C. Hersh, Esq.
                                                        17 Sylvan Street
                                                        Suite 102B
                                                        Rutherford, New Jersey 07070
                                                        Tel:  (201) 507-6300
                                                        Fax: (201) 507-6311
                                                         lh@hershlegal.com
                                                        *Attorney for Plaintiff*

Of Counsel:

Cameron S. Reuber (to apply *Pro Hac Vice*)
Lori Cooper (to apply *Pro Hac Vice*)
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax:  (914) 288-0023
Email: reuber@leasonellis.com
Email: cooper@leasonellis.com
*Attorneys for Plaintiff*

{10424/619443-000/01626034.1}

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I certify that the matter in controversy is not the subject of any other action pending in

any court, or any pending arbitration or administrative proceeding.

By: /s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street
    Suite 102B
    Rutherford, New Jersey 07070
    Tel:  (201) 507-6300
    Fax: (201) 507-6311
    lh@hershlegal.com
    *Attorney for Plaintiff*

{10424/619443-000/01626034.1}