Robert Novack
Charles W. Stotter
J. Emma Mintz
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
*Attorneys for Defendant*
*American Sugar Refining, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL SPICE HOLDINGS, LLP, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN SUGAR REFINING, INC., <br><br> Defendant. | Civil Action No. 3:17-CV-00102-PGS-TJB <br><br><br> **DISCOVERY CONFIDENTIALITY STIPULATION AND ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Discovery Confidentiality Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or any third party covered by

1

this Discovery Confidentiality Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same (or, for material that is not readily susceptible to direct marking, shall otherwise clearly designate) with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.   Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Discovery Confidentiality Order any information, document, or thing, or portion of any document or thing that contains trade secrets or highly sensitive business or personal information, the disclosure of which the producing party believes in good faith is highly likely to cause significant harm to an individual or to the business or competitive position of the producing party.  Any party to this litigation or any third-party who is covered by this Discovery Confidentiality Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same (or, for material that is not readily susceptible to direct marking, shall otherwise clearly designate)  with the following or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.   This Discovery Confidentiality Order shall not preclude any party from withholding any document, information or thing on the basis of the attorney-client privilege or attorney work-product doctrine, or otherwise affect any party's claim of privilege with respect to any such document, information or thing, provided that the producing party provides a privilege log of any such documents, information or things withheld on that basis, in accordance with applicable

2

court rules and orders governing discovery. Further, this Discovery Confidentiality Order shall not preclude any party from withholding any document, information or thing the disclosure of which might constitute a breach of an agreement with a third party, provided that such party provides a log identifying any such documents, information or things withheld on that basis, at the time such withheld documents, information or things would otherwise be required to be produced, nor shall it preclude any party from moving the Court for an order directing the disclosure of such materials.

4.  All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5 below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.  Confidential material and the contents of Confidential material, designated as such pursuant to Paragraph 1 above, may be disclosed only to the following individuals under the following conditions:

> a.  Outside counsel (herein defined as any attorney who is a member of or employed by the parties' outside law firms), and relevant in-house counsel for the parties;

b.  Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.  Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.  The Court and court personnel;

e.  Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.  The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

6.  Confidential material shall be used only by individuals permitted access to it under Paragraph 5 above. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel

4

for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 above.

8. Notwithstanding Paragraph 5 above, material produced and designated or marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the

documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   b.  If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the application shall be treated as originally designated pending resolution of the dispute.

   10. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

   11. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

   12. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of

6

disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Discovery Confidentiality Order.

13. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Discovery Confidentiality Order.

15. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. If a party to whom confidential or Attorneys' Eyes Only material is produced receives any type of request to reproduce these documents (whether from another court, a litigant in another case, or any administrative, regulatory, enforcement or other governmental agency)whether by subpoena, order, or otherwise (a "Request"), the party shall give prompt written notice of the Request to the party who produced the Confidential or Attorneys' Eyes Only material, unless precluded from doing so by law or court order. Moreover, the party to whom a Request for disclosure has been directed shall not produce such documents until and unless (a) the producing party either (i) files an objection to the production of such documents within ten (10) days of receipt of such written notice, and the presiding court denies such objection, or (ii) fails to file such an objection within such ten (10) day period, or (b) the producing party advises the party to whom the Request was directed, in writing, that the producing party does not object to disclosure, or (c) upon issuance of a valid court order by a court of competent jurisdiction, except nothing herein prohibits the timely compliance with a government subpoena. All reasonable and documented costs and expenses reasonably incurred by the party to whom a Request has been directed as described in this Paragraph 16 (including, without limitation, court costs and reasonable attorneys' fees) shall be borne by the producing party.

17. Nothing in this Discovery Confidentiality Order shall prevent any person or entity bound by this Discovery Confidentiality Order from disclosing its own documents produced in discovery.

18. This Discovery Confidentiality Order applies to any documents previously produced by the parties during discovery in this action, including any and all documents marked with the "Confidential" or "Attorneys' Eyes Only" designation.   However, in the event any party designates a previously produced  document as "Attorneys' Eyes Only" after the date of this Discovery Confidentiality Order, and in the event the receiving party has already disclosed such previously produced document to a party or to another person or entity designated under Paragraph 9 of this Discovery Confidentiality Order, such disclosure by the receiving party  shall not be deemed a violation of this Discovery Confidentiality Order and this exception shall modify the conditions set forth in Paragraphs 2, 8, 9 and 11 of this Discovery Confidentiality Order.

19. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

20. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential and Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential and Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings

9

including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

So stipulated by counsel for the parties this 14 day of July 2017.

**CAMERON S. REUBER, ESQ.**

By _____

Lawrence C. Hersh, Esq.
17 Sylvan Street - Suite 102B
Rutherford, NJ 07070
Tel: (201) 507-6300
Fax: (201) 507-6311

lh@herschlegal.com

   -and-

Cameron S. Reuber, Esq. (admitted pro hac vice)
Lori Cooper, Esq. (to apply for pro hac vice)
LEASON ELLIS LLP
One Barker Avenue – Fifth Floor
White Plains, NY 10601
Tel: (914) 288-0022
Fax: (914) 288-0023

reuber@leasonellis.com
cooper@leasonellis.com

*Attorneys for Plaintiff/Counterclaim*
*Defendant International Spice Holdings, Inc.*

**BRESSLER, AMERY & ROSS, P.C.**

By _____
    Robert Novack, Esq.
    Charles W. Stotter, Esq.
    J. Emma Mintz, Esq.

325 Columbia Turnpike
Florham Park, NJ 07932
Telephone: (973) 514-1200
Fax: (973) 514-1660

rnovack@bressler.com
cstotter@bressler.com
cgallo@bressler.com

*Attorneys for Defendant/Counterclaim Plaintiff*
*American Sugar Refining, Inc.*

**IT IS SO ORDERED.**

Dated: _July 17, 2017_

HON. TONIANNE BONGIOVANNI, U.S.M.J.

3763496

11

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERNATIONAL SPICE HOLDINGS, LLP,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SUGAR REFINING, INC.,<br><br>Defendant. | Civil Action No. 3:17-CV-00102-PGS-TJB<br><br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY STIPULATION AND ORDER** |

I, _____ being duly worn, state that:

1.  My address is

_____

_____.

2.  My present employer is _____ and the

address of my present employer is _____.

3.  My present occupation or job description is _____.

4.  I have carefully read and understood the provisions of the Discovery Confidentiality

Stipulation and Order ("Order") in this case signed by the Court, and I will comply with all

provisions of the Order.

5.  I will hold in confidence and not disclose to anyone not qualified under the Order any

Confidential material or any words, summaries, abstracts, or indices of Confidential material

disclosed to me.

6.  I will limit use of Confidential material disclosed to me solely for purposes of this action.

7.   No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____
                                  [Name]

Robert Novack
Charles W. Stotter
J. Emma Mintz
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
*Attorneys for Defendant*
*American Sugar Refining, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INTERNATIONAL SPICE HOLDINGS, LLP,<br><br>              Plaintiff,<br><br>vs.<br><br>AMERICAN SUGAR REFINING, INC.,<br><br>              Defendant. | Civil Action No. 3:17-CV-00102-PGS-TJB<br><br><br>**CERTIFICATION IN SUPPORT**<br>**OF DISCOVERY**<br>**CONFIDENTIALITY**<br>**STIPULATION AND ORDER** |

CHARLES W. STOTTER, ESQ., of full age, hereby certifies under penalty of perjury as follows:

1.     I am an attorney at law of the State of New Jersey, admitted to practice before the United States District Court for the District of New Jersey, and I am a principal with the law firm Bressler, Amery & Ross, P.C., attorneys for defendant American Sugar Refining, Inc.  I make this certification pursuant to Local Civil Rule 5.3(b)(2) and Paragraph 20 of the Court's June 1, 2017 Scheduling Order ("June 1 Order") in support of the parties' joint request for entry of a Discovery Confidentiality Stipulation and Order, a copy of which is being submitted to the Court.

2.     This action was commenced by plaintiff by Complaint.  Plaintiff asserts claims of trademark infringement and unfair competition under federal and state law.  Defendant denies the

1

allegations. The issue concerns the parties' use of the term "zing" in connection with marketing certain food flavoring products.

3.    Pursuant to the June 1 Order, the parties have served and responded to initial document requests and interrogatories pertaining to the action. The requests called for production of documents and information deemed by the parties to be trade secrets and confidential and proprietary business and commercial information.

4.    The June 1 Order directed that if the parties were to submit a proposed agreed upon confidentiality order, it must be accompanied by a separate statement showing good cause for the entry of the order and compliance with L. Civ. R. 5.3.

5.    _Nature of the Materials_: The materials sought to be kept confidential include documents and information on trademark development, investigation, selection and use, product development and pricing, company revenues or profitability, product revenues or profitability (retail and wholesale), product specifications and composition, other proprietary financial information, and any material or information reasonably considered to be a trade secret, competitively sensitive technical, marketing, financial, sales or other confidential business information, private or confidential personal information, or information received in confidence from third parties.

6.    _Interests Warranting Confidentiality_: The parties have a legitimate private interest in maintaining the confidentiality of the afore-mentioned documents and materials. The products at issue in this action compete with the products of other manufacturers and distributors of similar products in the food flavoring industry. If confidential information of the parties became known in the industry, others would gain a competitive advantage. Moreover, this action involves private litigants, and no party to this action is a public official or entity.

2

7.      *Injury*:  If confidential information of the parties became known in the industry, it would place the parties at a significant competitive disadvantage.  If the parties' confidential information became known to others, the parties would suffer serious commercial injury through potential loss of sales and appropriation of proprietary commercial information.

8.      Under the proposed Discovery Confidentiality Stipulation and Order, documents and materials will be marked "Confidential"  or "Attorneys' Eyes Only" if they must be held confidential to protect any of the above-referenced confidential commercial or business interests.  The proposed Order requires that such documents and materials be designated "in good faith."  See the proposed Order, ¶¶ 1-2.  Under the terms of the proposed Order, the parties are afforded the opportunity to challenge any confidentiality designations.  See proposed Order, ¶ 9.

9.      For the foregoing reasons, the parties jointly request entry of the proposed Discovery Confidentiality Stipulation and Order.  The proposed Order does not contradict Local Civil Rule 5.3 with respect to the filing of materials in judicial proceedings.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on:  July 14, 2017            _____
                                        Charles W. Stotter

3861527

3